IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE WILLIAMS,

                Plaintiff,

    v.

DR. RAIP,

                Defendant.

ORDER

13-cv-247-bbc

---

JESSIE WILLIAMS,

                Plaintiff,

    v.

C.O. JONES and BRAEMER,

                Defendants.

ORDER

13-cv-248-bbc

---

JESSIE WILLIAMS,

                Plaintiff,

    v.

TONY MEIL,

                Defendant.

ORDER

13-cv-290-bbc

---

      Plaintiff Jessie Williams, a prisoner at the Waupun Correctional Institution in Waupun,

Wisconsin has submitted three proposed complaints to this court.  He requests leave to proceed

*in forma pauperis* in each of his cases and has submitted a certified copy of his six-month trust

fund account statement so that I can determine whether he qualifies for indigent status and, if

he does, calculate initial partial payments of the $350 fee for filing each case.  Because plaintiff

is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act.  This means that before this court may decide whether he can proceed *in forma pauperis*, he will have to make initial partial payments of the filing fees for each action.

In determining whether a prisoner litigant qualifies for indigent status, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1).  According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

From plaintiff's trust fund account statement, it appears that plaintiff presently has no means with which to make initial partial payments of the $350 fee for filing each complaint. However, plaintiff should be aware that he is obligated to pay the $350 filing fee for each case, even if this court determines that he will not be permitted to proceed with his complaints *in forma pauperis* and even if he does not presently have funds with which to pay the fees. 28 U.S.C. § 1915(b)(1).  His account will be monitored and the fee for each case must be taken in monthly installments when the funds exist.

Accordingly, IT IS ORDERED that plaintiff's complaints are taken under advisement. As soon as the court's calendar permits, plaintiff's complaints will be screened pursuant to 28 U.S.C. § 1915(e)(2).  Leave to proceed *in forma pauperis* will not be granted if the action must be dismissed as malicious or legally "frivolous," a term that means that the complaint does not allege a claim of any kind.  Leave can be denied also if the complaint does not state a claim on which plaintiff could obtain relief under the law or if plaintiff is asking for money from a

2

defendant who is legally protected from having to pay money in his case. Plaintiff will be notified promptly when such a decision has been made.

Further, the Clerk of Court is requested to insure that the court's financial records reflect that plaintiff owes the $350 fee for filing each of these three cases, in accordance with the requirements of the Prison Litigation Reform Act.

Entered this 2nd day of May, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

3