IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                ORDER

                Plaintiff,

                                               13-cv-247-bbc

     v.

RALPH FROELICH,

                Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Jesse Williams is proceeding on a claim that defendant Ralph Froelich refused to prescribe medication for plaintiff's mental illness, in violation of the Eighth Amendment. Now defendant has filed a motion for summary judgment, which he mailed to plaintiff's most recent address. Dkt. #16-1. Plaintiff's deadline for responding was May 19, 2014, but the court has not received anything from plaintiff since defendant filed his motion. (In fact, plaintiff has not filed anything with the court since I screened his complaint in June 2013.) Because plaintiff has failed to respond to defendant's motion for summary judgment, I must accept all of defendant's properly proposed findings of fact as true. Procedure on Motions for Summary Judgment, II.C., dkt. #14 ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."). See also Wackett v. City of Beaver Dam, Wisconsin, 642 F.3d 578,

---

[1] In his complaint, plaintiff identified the defendant as "Dr. Raip." I have amended the caption to reflect defendant's actual name, as reflected in defendant's summary judgment submissions.

583 (7th Cir. 2011) (upholding similar rule).

The standard for determining whether a prison doctor has violated the Eighth Amendment is whether he knows that the prisoner has a serious medical need, but the doctor consciously refuses to take reasonable measures to treat the prisoner. A conscious refusal may be inferred when "the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012).

According to defendant, he is a psychiatrist at the Waupun Correctional Institution, where plaintiff is incarcerated. Dft.'s PFOF ¶¶ 3-4, dkt. #18. Defendant says that plaintiff had been prescribed "numerous" medications for his mental health, but defendant discontinued them because none of them had demonstrated any benefits. Id. at ¶¶ 20, 30, 33, 47. In addition, plaintiff had a history of giving his medications to other prisoners rather than taking them himself. Id. at ¶¶ 23, 30. (Neither party has described with any specificity what plaintiff's mental health problems are.)

If I accept defendant's evidence as true, as I must, then a reasonable jury could not find that defendant violated plaintiff's Eighth Amendment rights by refusing to prescribe medication. If medication is ineffective, it cannot be a substantial department from accepted medical practice to refuse to prescribe it. Although it is possible that there are other medications that defendant could have tried, in the absence of evidence from plaintiff identifying these medications and showing that defendant was aware of their potential benefits, a jury would be left to speculate whether defendant's refusal to try more

medications was a constitutional violation. Piaskowski v. Bett, 256 F.3d 687, 693 (7th Cir. 2001) ("Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation."). Plaintiff's history of misusing his medication provides an additional ground for defendant's refusal to prescribe it.

The scope of plaintiff's claim was limited to the question whether defendant was violating plaintiff's right by refusing to prescribe medication for his mental health problems, so I have limited my review to that issue. I have not considered whether plaintiff may be entitled to other mental health treatment under the Eighth Amendment.

## ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Ralph Froelich, dkt. #16, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 17th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge